NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-698

JAMES GAINES

vs.

DEPARTMENT OF CORRECTION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, James Gaines, an inmate at the Massachusetts Department of Correction (department), challenged an adverse finding of a disciplinary hearing officer (later sustained by the facility superintendent) by filing an action pursuant to G. L. c. 249, § 4.  After a hearing, a judge of the Superior Court issued an order denying the plaintiff's motion for judgment on the pleadings and allowing the cross motion of the defendant.  The plaintiff, acting pro se, appeals from the judgment.  We affirm.

Background.  In September 2021, pursuant to the department's random drug screening protocol, a correction officer collected a urine sample from the plaintiff.  The

plaintiff signed an "inmate signoff sheet" acknowledging that it was his urine that was taken and tested. An initial in-house test of the sample yielded a positive result for an unauthorized substance, buprenorphine. The sample was then secured and processed as evidence. That same day, following receipt of the positive test result, the plaintiff was issued a disciplinary ticket charging him with unauthorized use or possession of drugs, receiving a positive test for unauthorized drugs, and several other related disciplinary offenses.

On September 29, 2021, pursuant to departmental policy, the plaintiff requested that his urine sample be tested by an outside independent laboratory in what is referred to as a "confirmation test." A short time later, the plaintiff was provided with the confirmation test results from the laboratory, Clinical Science Laboratory (CSL), which confirmed the presence of norbuprenorphine but did not detect buprenorphine.

At a disciplinary hearing in February 2022, the officer who obtained the plaintiff's urine sample testified about his certification and training in conducting drug testing as well as the facts surrounding the sample taken from the plaintiff.[1] The hearing examiner admitted several exhibits in evidence,

---

[1] The officer also testified, and the hearing examiner credited, that norbuprenorphine is a derivative of buprenorphine.

including a photograph, the report of the test results by CSL, a chain of custody document, and the officer's training certificate. The hearing officer credited the testimony of the officer and found that the other evidence including the CSL test results corroborated the officer's version of events. The hearing examiner was not persuaded by the plaintiff's argument that the disciplinary ticket should be dismissed because the CSL test did not detect buprenorphine. Instead, the hearing examiner credited the officer's testimony that norbuprenorphine is a derivative of buprenorphine. The hearing examiner found sufficient evidence to support a guilty finding as to the charge of receiving a positive test for use of unauthorized drugs. All other charges were dismissed. The superintendent affirmed that decision, as did the judge. The plaintiff appeals.

Discussion. "Our review of a disciplinary proceeding is based on whether the record contains substantial evidence to support the hearing officer's decision" (citation omitted). Shea v. Department of Correction, 103 Mass. App. Ct. 369, 372 (2023). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion, . . . taking into account whatever in the record fairly detracts from the weight of the evidence" (quotation and citation omitted). Id. Weighing the credibility of the witnesses and resolving

factual disputes in the testimony are properly within the province of the hearing examiner.  See id. at 372-373.

On appeal, the plaintiff primarily argues that the hearing examiner erred in considering the CSL test results because the test results needed to be accompanied by a certificate of drug analysis pursuant to G. L. c. 22C, § 39.  He also argues that, because the CSL test was a screening test rather than a confirmatory test, the record was insufficient as a matter of law to support a finding of guilty.  We disagree.

First, the plaintiff's reliance on G. L. c. 22C, § 39, to support his claim that a drug certificate is required in a disciplinary hearing is misplaced.  This statute applies to the State police or the University of Massachusetts Medical School and requires them to conduct a chemical analysis of a narcotic drug submitted by police authorities, "provided, however, that neither the [State police] department nor the medical school shall conduct such analysis unless it is satisfied that the analysis submitted to it is to be used in connection with the enforcement of the law."  G. L. c. 22C, § 39.  See G. L. c. 22C, § 1 (defining "department" as "department of state police" for purposes of G. L. c. 22C).  This statute is inapplicable to the test results obtained by the department in this set of circumstances.

Second, the plaintiff claims that the CSL test was only a preliminary screening test and the department's substance abuse monitoring and testing policy requires a confirmatory test when requested by an inmate accused of being in possession of an unauthorized substance. The lack of such confirmatory test, according to the plaintiff, must result in the finding of not guilty.

While the department is not required to provide a certificate of analysis by a chemist each time it conducts a disciplinary hearing charging an inmate with unauthorized drug use, it must comply with its own departmental policy relating to substance abuse monitoring and testing.[2] In support of his position that CSL provided only a preliminary screening result (rather than the required confirmatory test), the plaintiff points to disclaimer language at the bottom of the CSL test results form that uses the phrase "screening results are presumptive."

The complete language on the CSL form is as follows: "UNLESS OTHERWISE NOTED: NORMAL VALUES ARE FOR ADULT HUMANS, SCREENING RESULTS ARE PRESUMPTIVE, CUTOFFS ARE IN NG/ML, DRUG LEVELS LESS THAN CUTOFF ARE REPORTED AS NOT DETECTED, DRUG LEVELS GREATER THAN THE CUTOFF ARE REPORTED AS PRESENT." While

---

[2] See 103 DOC § 525 (2020), Inmate Substance Abuse Monitoring and Testing.

5

the plaintiff is correct that the term "screening results" does appear on the bottom of the form in small print, that language does not automatically reduce the laboratory's confirmatory test into a screening result.  The plaintiff's argument ignores the fact that the clause in the CSL form that "screening results are presumptive," is preceded by the words "[u]nless otherwise noted."  Here, CSL "otherwise noted" that the test of the plaintiff's urine sample was a "BUP CONFIRM" and then confirmed the presence of an unauthorized drug, norbuprenorphine by denoting "CONF. NORBUPRENORPH. 10 NG/ML PRESENT."  We also note that other evidence in the record undermines the plaintiff's contention that the CSL test was merely a screening test.  After the in-house test by the department identified the presence of an unauthorized substance, the plaintiff requested, as was his right, that the department send out the urine sample to an outside laboratory for a confirmation -- not a screening -- test.  On November 21, 2021, the plaintiff also signed a form, acknowledging that he was aware that if he was found guilty of the disciplinary matter, a possible sanction for requesting a confirmatory test could be reimbursement to the department for the cost of the substance abuse monitoring confirmation test. The hearing officer quite reasonably concluded that the CSL test was a confirmatory test, and it was appropriate for the hearing officer to consider it.

6

In conclusion, the results from the laboratory, in combination with the testimony of the officer and other evidence before the hearing officer, constituted substantial evidence supporting the hearing officer's decision.  As we have noted, the substantial evidence standard is highly deferential to the agency decision maker and is less stringent than the preponderance of the evidence.  See Duggan v. Board of Registration in Nursing, 456 Mass. 666, 674 (2010).  Under the substantial evidence standard, "an agency's conclusion will fail judicial scrutiny if the evidence points to no felt or appreciable probability of the conclusion or points to an

overwhelming probability of the contrary" (quotation and citation omitted).[3]  <u>Id</u>.  That is not the case here.

<u>Judgment affirmed</u>.

By the Court (Sacks, Englander & Walsh, JJ.[4]),

<i>Paul Little</i>

Clerk

Entered:  July 23, 2025.

---

    [3] The plaintiff's main argument in his brief is that, due to the inadequacy of the CSL drug screen and the lack of a certificate of drug analysis, the disciplinary ticket was insufficient as a matter of law.  In one sentence in his brief, the plaintiff alleges that he was denied due process by the failure of the department to produce a certificate of analysis of the substance.  The plaintiff also claims that the decision was insufficient as a matter of law because he received a subsequent negative drug test result.  The plaintiff's brief contains no citation to relevant authorities and does not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (4), as appearing in 481 Mass. 1628 (2019).  Moreover, these arguments were not raised below and therefore are not properly before us.  See <u>Boss</u> v. <u>Leverett</u>, 484 Mass. 553, 562-563 (2020).

    [4] The panelists are listed in order of seniority.